CHARLIE SHOFFNER v. CARL W. MANN AND MARVIN W. MANN, INDIVIDUALLY AND TRADING AND DOING BUSINESS AS MANN INSURANCE AND REAL ESTATE COMPANY.

(Filed 16 December, 1959.)

APPEAL by plaintiff from judgment of involuntary nonsuit entered by *Armstrong, J.*, at the close of plaintiff's evidence in the trial at the May 4, 1959 Civil Term, GUILFORD Superior Court, Greensboro Division.

As his cause of action, plaintiff alleged he purchased from the defendants a policy of liability insurance on one 1951 Ford four-door automobile and one 1950 Ford one-half ton truck; that the insurance was obtained by the defendants in the Virginia Mutual Insurance Company of Richmond, Virginia. The plaintiff paid the required premium on the policy which ran from January 23, 1958 to January 23, 1959; that notwithstanding the fact the premium was paid, the Virginia Mutual cancelled the policy without cause and the Motor Vehicles Division of the State Department of Revenue was notified of the cancellation and in consequence thereof plaintiff's operating permits for both vehicles were suspended. No part of the unearned premium was returned to the plaintiff. He claimed damages, including expenses incurred in obtaining other insurance and obtaining operating permits, and for the loss of the use of both vehicles during the period of suspension. Plaintiff introduced the policy which provided for cancellation and notice, and for return of the unearned premium within reasonable time. However, the plaintiff's evidence showed he obtained the benefit of the unearned premium by way of a credit on

STATE *v.* RODDY.

subsequently issued policy. At the close of plaintiff's evidence, judgment of involuntary nonsuit was entered from which the plaintiff appealed.

*Comer & Comer, By: Wm. E. Comer for plaintiff, appellant.*
*Allen & Allen, By: Louis C. Allen, Jr., for defendants, appellees.*

PER CURIAM. Attention is called to the fact the suit is against the brokers who negotiated the insurance contract and not against the Virginia Mutual Insurance Company, the insurer. The right to cancel is reserved to the insurer. The right to cancel being conceded, it appears any cause of action would be limited to the recovery of the unearned premium. The plaintiff's evidence showed he had received credit on another policy for the full amount due him. The plaintiff's own evidence, therefore, put him out of court.

The judgment of nonsuit is
Affirmed.